```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

Securities and Exchange
Commission,
     Plaintiff

     v.                              Civil No. 07-cv-39-SM
                                     Opinion No. 2008 DNH 039
Piyush G. Patel; David J.
Kirkpatrick; Eric Jaeger;
Bruce D. Kay; Robert J. Gagalis;
Robert G. Barber, Jr.; Lawrence
Collins; Michael A. Skubisz;
Jerry A. Shanahan; and Hor Chong
(David) Boey,
     Defendants


## **O R D E R**

The Securities and Exchange Commission ("SEC") has sued in eight counts, seeking injunctive relief under 15 U.S.C. § 77t(b) and 15 U.S.C. §§ 78u(d) & (e) for various alleged violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. Specifically, the SEC asserts violations of: 15 U.S.C. § 77q(a)(1) by all defendants (Count I, captioned "fraud"); 15 U.S.C. §§ 77q(a)(2) & (3) by all defendants (Count II, captioned "fraud"); 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 by all defendants (Count III, captioned "fraud"); 15 U.S.C. § 78m(b)(5) and 17 C.F.R. § 240.13b2-1 by all defendants (Count IV, captioned "falsified books and records"); 17 C.F.R. § 240.13b2-2 by all defendants (Count V, captioned "deceit of auditors"); 15 U.S.C.

§ 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 & 240.13a-13 by all defendants (Count VI, captioned "false SEC filings"); 15 U.S.C. § 78m(b)(2) by all defendants (Count VII, captioned "false books and records"); and 15 U.S.C. § 78m(b)(2) by some defendants (Count VIII, captioned "inadequate accounting controls").  Before the court is Jerry A. Shanahan's motion for a more definite statement.  For the reasons given, Shanahan's motion is denied.

The complaint alleges that from March 2000 through December 2001, various employees, officers, and directors of Cabletron Systems, Inc. ("Cabletron") or its former subsidiaries, Enterasys Networks, Inc. ("Enterasys") and Aprisma Management Technologies, Inc. ("Aprisma") participated in a company-wide scheme to falsely inflate the apparent revenues of Cabletron and Enterasys for the purpose of convincing investors that Enterasys was a viable independent company with consistently strong revenue growth. Shanahan served as Cabletron's Vice President of International Operations from February 2000 to September 2000, Cabletron's Vice President of Operations and Quality from September 2000 to March 2001, and Enterasys's Chief Operating Officer from March 2001 until May 2002.

More specifically, the SEC alleges that the defendants improperly recognized revenue, reported that improperly recognized revenue in SEC filings and press releases, and misrepresented material information concerning improper revenue recognition to outside auditors, or concealed material information from them.  According to the SEC, Enterasys improperly recognized revenue of at least $48 million, and, in turn, overstated its earnings and understated its operating losses.  Based upon that false financial picture, Enterasys successfully launched itself as an independent public company on August 6, 2001.

The SEC alleges that the improper revenue recognition took several forms: (1) undisclosed side agreements with purchasers that significantly qualified apparent sales transactions by, for example, providing buyers with full return, exchange, or cancellation rights; (2) investments in privately held companies that agreed to use the invested funds to purchase Enterasys and Aprisma products; and (3) so-called "three-corner deals" that involved placing another company between Enterasys and an investee company, to disguise purchases of Enterasys products made with funds invested in the purchasing company by Enterasys. The complaint discusses in greater detail twelve separate contingent sales transactions or investment deals (Compl. ¶¶ 63–

137) and describes in lesser detail seventeen additional sales transactions (Compl. ¶¶ 138-55) from which the SEC claims Enterasys improperly recognized revenue. Shanahan is included, by name, in the factual allegations related to: (1) a side agreement between Enterasys and Tech Data Canada, Inc., which resulted in the improper recognition of $3 million in revenue in the second quarter of Transition Year 2001 (Compl. ¶¶ 91-96); (2) an improper side agreement between Enterasys and Societe General Cowen (Compl. ¶¶ 97-103); (3) a side agreement with GovStreetUSA, LLC, that resulted in the improper recognition of $2.6 million in revenue, over the course of three quarters, that was reported in one SEC form 10-K and three SEC 10-Q forms (Compl. ¶¶ 104-10); and (4) improper recognition of $500,000 in revenue from sales to Accton Technology Corp. during the first quarter of Transition Year 2001 (Compl. ¶ 148).

The complaint further alleges that Shanahan and others participated in numerous weekly conference calls in which "the participants openly discussed the purpose of three corner deals: to conceal from Enterasys's outside auditor the connection between investments and purchases, given that the poor financial condition of investee companies could lead the outside auditor to conclude that the related revenue did not comport with GAAP" (Compl. ¶ 158), and that Shanahan "and others worked together to

close more than $20 million in investment-related sales during the final week of the [second] quarter [of Transition Year 2001], many of which were structured as three corner deals to conceal the precarious financial condition of the investee company from Enterasys's outside auditor" (Compl. ¶ 162).

The SEC asserts that any public statement of earnings that included improperly recognized revenue was materially false and that Enterasys made such statements in: (1) one SEC 10-K form; (2) six SEC 10-Q forms; (3) 3 SEC 8-K forms; (4) fourteen representation letters; and (5) seven press releases.  (Compl. ¶ 36.)  The complaint goes on to specify the alleged falsity of each of the identified SEC filings, based upon its incorporation of improperly recognized revenue.  (Compl. ¶¶ 37-53.)  The complaint provides similar specifications for the press releases. (Compl. ¶¶ 171-87.)

Shanahan moves the court to order the SEC to provide a more definite statement of the claims against him.  According to Shanahan, the complaint is deficient because: (1) its claims for relief do not specifically identify the factual allegations that support them; and (2) the factual allegations themselves are not

5

adequately specific.[1]  The SEC objects, arguing that its complaint meets the applicable pleading standards of the Federal Rules of Civil Procedure and that the information Shanahan seeks should be sought through discovery, rather than through a motion for a more definite statement.  The court agrees.

The Federal Rules of Civil Procedure provide that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  FED. R. CIV. P. 12(e).  Shanahan's entitlement to a more definite statement is

---

[1] The following is a typical example of the arguments Shanahan makes in his motion:

> In connection with the Tech Data Canada transaction, the Complaint alleges at ¶¶ 91-96 that Shanahan entered into an "undisclosed side agreement" with Tech Data Canada which contained terms that precluded revenue recognition, and that Shanahan acted "with the intent to conceal" the terms of the side letter.  Complaint at ¶ 96.  The SEC does not allege any facts to support its allegations that the side letter was "undisclosed" or that Shanahan acted with "intent to conceal" the side letter from anyone at Enterasys or from Enterasys's auditor.  The Court should order the SEC to provide Shanahan with a more definite statement of the factual underpinnings for its allegation that the side letter was "undisclosed" and that Shanahan acted with "intent to conceal" the side letter from Enterasys's outside auditors.

(Def.'s Mot. for a More Definite Statement (document no. 71) ¶ 4.)

governed by principles described in Lewis v. Textron Auto. Co., 935 F. Supp. 68 (D.N.H. 1996).  In that case, the court explained that "[s]ince 'Rule 12(e) motions are designed to strike at unintelligibility, rather than at lack of detail in the complaint . . . a rule 12(e) motion properly is granted only when a party is unable to determine the issues he must meet.'" Id. at 70 (quoting Cox v. Me. Maritime Acad., 122 F.R.D. 115, 116 (D. Me. 1988)).  "The motion for a more definite statement is not favored," 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 12.36[1] (2007), and "[c]ourts frown on a litigant's use of the motion as a 'shotgun tactic' to substitute for discovery," id.

    The SEC's complaint does not leave Shanahan "unable to determine the issues he must meet," Lewis, 935 F. Supp. at 70.  It identifies, with some detail, the unlawful acts the SEC alleges Shanahan committed and the statutes that make those acts unlawful.  No more is needed.  Requiring a more definite statement in this case would result in significant costs in terms of time, money, and paper, while, as a practical matter, accomplishing little.  The details Shanahan rightly seeks are best obtained through the discovery processes designed to provide that information.

**Conclusion**

Shanahan's motion for a more definite statement (document no. 71) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 19, 2008

cc:  James A. Scoggins, II, Esq.
     Jeffrey S. Lyons, Esq.
     Leslie J. Hughes, Esq.
     Nancy J. Gegenheimer, Esq.
     Diana K. Lloyd, Esq.
     John R. Baraniak, Jr., Esq.
     Lucy J. Karl, Esq.
     Peter B. Moores, Esq.
     Steven M. Gordon, Esq.
     Jeffrey B. Rudman, Esq.
     Jonathan A. Shapiro, Esq.
     Miranda Hooker, Esq.
     Peter A. Spaeth, Esq.
     Bruce A. Singal, Esq.
     John C. Kissinger, Esq.
     Michelle R. Peirce, Esq.
     Mark B. Dubnoff, Esq.
     Richard J. McCarthy, Esq.
     Michael D. Ramsdell, Esq.
     Jennifer M. Ryan, Esq.
     Maria R. Durant, Esq.
     William H. Kettlewell, Esq.
     Kevin E. Sharkey, Esq.
     Ann Pauly, Esq.
     Victor W. Dahar, Esq.
     Andrew Good, Esq.
     Philip G. Cormier, Esq.
     Peter D. Anderson, Esq.
     William Cintolo, Esq.