UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| Piyush G. Patel, <br> David J. Kirkpatrick, <br> Eric Jaeger, <br> Bruce D. Kay, <br> Robert J. Gagalis, <br> Robert G. Barber, Jr., <br> Lawrence Collins, <br> Michael A. Skubisz, <br> Jerry A. Shanahan, <br> Hor Chong Boey, a/k/a David Boey, | : Civil No.: 01:07-00039-SM <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

**PERMANENT INJUNCTION AGAINST
DEFENDANT ROBERT G. BARBER**

The Securities and Exchange Commission having filed a Complaint and Defendant Robert G. Barber ("Barber") having entered a general appearance; consented to the Court's jurisdiction over Barber and the subject matter of this action; consented to entry of a Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from the Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Barber and Barber's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently

restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Barber and Barber's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2 promulgated thereunder [17 C.F.R. §§ 240.13b2-1 and 240.13b2-2] by:

    (a)    knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act; or

    (b)    directly or indirectly falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act; or

(c) directly or indirectly making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact, to an accountant in connection with any audit, review or examination of the financial statements of an issuer or company, or the preparation or filing of any document or report required to be filed with the Commission; or

(d) directly or indirectly taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of financial statements required to be filed with the Commission where they knew or should have known that such action, if successful, could result in rendering financial statements materially misleading.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Barber and Barber's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a) and 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], by knowingly providing substantial assistance to an issuer that:

(a) fails to file with the Commission and as otherwise required any report, statement, document, information or copy required to be filed pursuant to Section 13(a) of the Exchange Act or any of the rules, regulations or forms promulgated

thereunder, or fails to file such report, statement, document, information or copy when, in such form as, and with such information as required or prescribed pursuant to Section 13(a) of the Exchange Act or any of the rules, regulations or forms promulgated thereunder; or

(b) files with the Commission or as otherwise required any report, statement, document, information or copy that: contains any untrue statement of a material fact; omits any material information; or otherwise fails to comply with the provisions of Section 13(a) of the Exchange Act or any of the rules, regulations or forms thereunder; or

(c) fails, in addition to the information expressly required to be included in a statement or report, to add or include such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading;

(d) fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(e) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:  transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; and the

recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty.  If disgorgement is ordered, Barber shall be ordered to pay prejudgment interest thereon, calculated from the date Barber obtained the funds subject to disgorgement, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Barber will be precluded from arguing that he did not violate the federal securities laws as alleged in Complaint paragraphs 115 through 121, 128 through 132, and the Complaint's First through Seventh Claims for Relief, as follows:  Complaint paragraphs 189 through 190, 192 through 193, 195 through 197, 199 through 200, 202 through 203, 205 through 206, 208 through 209) (the "Identified Barber Allegations"); (b) Barber may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the Identified Barber Allegations shall be accepted as prima facie true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the

Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.  Notwithstanding the foregoing, in connection with the Commission's motion for disgorgement and/or civil penalties, Barber may dispute facts pertaining to the securities fraud alleged and accepted as true by the Court, and may dispute the relationship between the securities fraud alleged and accepted as true by the Court and any amounts that may be the basis for disgorgement and/or civil penalties.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Barber is incorporated herein with the same force and effect as if fully set forth herein, and that Barber shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter a Judgment forthwith and without further notice.

Dated: _____27_____ , 2008, nunc pro tunc to August 26, 2008.

/s/ Steven J. McAuliffe
UNITED STATES DISTRICT JUDGE