UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Securities and Exchange
Commission,
    Plaintiff

    v.                                          Civil No. 07-cv-39-SM
                                           Opinion No. 2009 DNH 101
Piyush G. Patel; David J.
Kirkpatrick; Eric Jaeger;
Lawrence Collins; Michael A.
Skubisz; Jerry A. Shanahan;
and Hor Chong (David) Boey,
    Defendants

**O R D E R**

Before the court are motions to dismiss the SEC's First Amended Complaint filed by defendants Patel, Kirkpatrick, Jaeger, Collins, and Shanahan, as well as a motion for judgment on the pleadings filed by defendant Skubisz.[1] All six motions are duly opposed.

The amended complaint appears to be drafted in much the same style as the original complaint. In each of four orders on the initial round of motions to dismiss, the court described the SEC's pleading strategy and commented on its unhelpfulness. For

---

[1] Defendant Boey was defaulted by order dated January 18, 2007 (document no. 122), and judgment was entered against Barber by order dated September 3, 2008 (document no. 147).

example, in the order on Collins' motion to dismiss, the court observed:

> Given the way the SEC has stated its claims in Counts I and III – incorporating by reference all 187 paragraphs of factual allegations and closely paraphrasing the statutes and rule upon which it relies – it is difficult to determine whether the alleged fraudulent conduct underlying those claims consists of an untrue statement of fact, the omission of a fact necessary to make a prior statement not misleading, or some other manipulative or deceptive act.  It is similarly difficult to discern precisely what statements by Collins, if any, the SEC alleges to have been false.

(Order on Collins' Mot. to Dismiss (document no. 130) at 21-22.) This court is not alone in struggling to decipher the SEC's pleading style; the Northern District of California recently observed:

> [B]ecause the complaint alleges the facts in a narrative form, and the claims in question do not refer specifically to any particular filings, it is difficult to discern which filings form the bases for each claim. Moreover, it is not entirely clear what role Skaer played in each filing.  Because she is not alleged to have signed any of the filings, but rather to have assisted in their drafting and preparation, specificity regarding her conduct is particularly important. Accordingly, the Court will grant the motions to dismiss as to these claims, with leave to amend.

SEC v. Mercury Interactive, LLC, No. C 07-2822 JF (RS), 2008 WL 4544443, at *8 (N.D. Cal. Sept. 30, 2008) (citations to the record omitted).

The amended complaint contains twice as many paragraphs reciting factual allegations as the original complaint, and virtually the same generic claims for relief, each of which merely incorporates by reference the 374 paragraphs of factual background followed by a recitation or paraphrase of the statute or rule on which it is based.  That is, none of the claims specifically identifies the conduct for which the SEC seeks to hold each defendant liable.  Moreover, while there are eight numbered claims for relief, they encompass nearly twice as many theories of recovery, due to the inclusion of multiple statutory or regulatory provisions in a single claim and liberal use of the disjunctive.  All but one of the claims is directed against "[t]he Defendants" collectively, and none of them states particularized theories of liability against specific defendants. In other words, the amended complaint is not "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2), but a long, tedious narrative more suited to confusing than informing.

In an ideal world, the SEC would have provided the necessary clarification in its objections to the pending dispositive motions.  That is, plaintiff would have gone through the complaint, count by count (or theory by theory), stating the elements of each claim and then identifying the specific factual

allegations in the complaint which, if proved, would subject a particular defendant to liability under each challenged claim. The court could then determine whether, under the applicable pleading standard, plaintiff had stated a claim under one or more of the asserted legal theories.

Regrettably, the SEC's objections do not work that way, which places the court in an untenable position. Among the SEC's claims,[2] it would appear that there are a good number that are insufficiently supported by factual allegations and a good number that may have been adequately stated. But, to reasonably determine that any particular claim should not be dismissed would require the court to first comb the complaint in search of factual support for each element of the multiple claims pled as to each defendant, and then evaluate the adequacy of that factual support. That is, of course, plaintiff's job in the first instance, not the court's.

---

[2] The actual number of claims the SEC has brought is anybody's guess. Seven numbered claims multiplied by six remaining defendants, plus one claim brought against four defendants, yields a total of forty-six claims. But, several counts are based upon two or more statutory or regulatory provisions, and several are pled in the disjunctive, which further increases the count. Then, with regard to the various false-statement claims, the SEC appears to suggest that each defendant was responsible for a dozen or more communications containing false statements, and several of those communications are alleged to have contained multiple misrepresentations.

Plaintiff could be directed to do its job by means of additional briefing, but, frankly, I am pessimistic about the likely result, fearing yet more paper and as little enlightenment.  It would seem similarly ineffective to grant the pending motions without prejudice and invite yet another amended complaint of similar style.  Accordingly, the court will schedule a hearing at which plaintiff will, on the record, efficiently and effectively review its claims against Patel, Kirkpatrick, Jaeger, Collins, Skubisz, and Shanahan, defendant by defendant, and distinct legal theory by distinct legal theory, pointing out, element by element, the specific factual allegations pled in the amended complaint (by paragraph number) that support each claim.  Plaintiff will then be bound by its representations.

Because the six pending motions are in the nature of motions to dismiss, plaintiff will avoid dismissal of any particular claim by identifying at least one set of adequately pled factual allegations to support it.  See SEC v. Nacchio, 438 F. Supp. 2d 1266, 1279 n.7 (D. Colo. 2006) ("Where the SEC has asserted claims supported by numerous discrete acts, each of which would be sufficient on its own to state the claim, this Court will only determine whether any of the acts is sufficiently pled.  The Court expresses no opinion on the sufficiency of the many allegations in the Complaint that are not specifically discussed

herein."). Here, the SEC will be held to the factual allegations it identifies as pertinent — the court will not consider any other potential combinations of facts pled here and there among the hundreds of paragraphs to decide whether dismissal is appropriate. Accordingly, the SEC should come to the hearing prepared. Based upon the record of the hearing, in conjunction with the briefs that have been filed, the court will rule on the six pending motions.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

July 7, 2009

cc: Peter D. Anderson, Esq.
John R. Baraniak, Jr., Esq.
William Cintolo, Esq.
Philip G. Cormier, Esq.
Victor W. Dahar, Esq.
Maria R. Durant, Esq.
Nancy J. Gegenheimer, Esq.
Andrew Good, Esq.
Steven M. Gordon, Esq.
Miranda Hooker, Esq.
Leslie J. Hughes, Esq.
Lucy J. Karl, Esq.
William H. Kettlewell, Esq.
John C. Kissinger, Esq.
Diana K. Lloyd, Esq.
Jeffrey S. Lyons, Esq.
Richard J. McCarthy, Esq.
Peter B. Moores, Esq.
Ann Pauly, Esq.
Michelle R. Peirce, Esq.
Michael D. Ramsdell, Esq.

```
Jeffrey B. Rudman, Esq.
Jennifer M. Ryan, Esq.
James A. Scoggins, II, Esq.
Jonathan A. Shapiro, Esq.
Kevin E. Sharkey, Esq.
Bruce A. Singal, Esq.
Peter A. Spaeth, Esq.
```