UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>              Plaintiff,<br>v.<br><br>PIYUSH G. PATEL, DAVID J. KIRKPATRICK, ERIC JAEGER, LAWRENCE COLLINS, MICHAEL A. SKUBISZ, JERRY A. SHANAHAN,<br><br>              Defendants | Civ. No. 01:07-00039-SM |

**FINAL JUDGMENT AS TO DEFENDANT LAWRENCE COLLINS**

The Securities and Exchange Commission having filed an Amended Complaint [Dkt # 150] and Defendant Lawrence Collins ("Defendant") having answered [Dkt # 215]; entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT all claims for primary and/or aiding and abetting liability pursuant to Section 17(a)(1) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)(1)] and Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§78j(b), 78m(a), 78m(b)(2)(A), 78m(b)(2)(A)] and Rule 10b-5, thereunder [17 C.F.R. §240.10b-5] are dismissed;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§77q(a)(2) and (a)(3)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1 and 240.13b2-2] by:

    (a)    falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act; or

    (b)    knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act; or

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-2 [17 C.F.R. § 240.13b2-2] promulgated under Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] by:

(a) making or causing to be made a materially false or misleading statement to an accountant in connection with any audit, review or examination of financial statements or in the preparation or filing of any document or report required to be filed with the Commission; or

(b) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with any audit, review or examination of financial statements or in the preparation or filing of any document or report required to be filed with the Commission.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $12,000, together with prejudgment interest thereon in the amount of $2443.53 for a total of $14,443.53 and a civil penalty in the amount of $10,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], for a total of $24,443.53. Defendant shall satisfy this obligation by paying $24,443.53 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be

delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Lawrence Collins as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is being made pursuant to this Final Judgment (with copies delivered or mailed to Nancy J. Gegenheimer and Leslie J. Hughes, Securities and Exchange Commission, 1801 California Street, Suite 1500, Denver, CO 80202). Defendant shall pay post-judgment interest on any delinquent amount pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant, attached hereto, is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: June 24, 2011 , 2011

_____
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>                    Plaintiff,<br>v.<br><br>PIYUSH G. PATEL, DAVID J. KIRKPATRICK, ERIC JAEGER, LAWRENCE COLLINS, MICHAEL A. SKUBISZ, JERRY A. SHANAHAN,<br><br>                    Defendants | Civ. No. 01:07-00039-SM |

**CONSENT OF DEFENDANT LAWRENCE COLLINS**

1.   Defendant Lawrence Collins ("Defendant"), without admitting or denying the allegations of the amended complaint (except as to personal and subject matter jurisdiction, which Defendant admits), hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   (a)   Dismisses all claims for primary and/or aiding and abetting liability pursuant to Section 17(a)(1) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)(1)] and Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§78j(b), 78m(a), 78m(b)(2)(A), 78m(b)(2)(A)] and Rule 10b-5, thereunder [17 C.F.R. §240.10b-5];

   (b)   permanently restrains and enjoins Defendant from violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§77q(a)(2) and

       17(a)(3)] and Section 13(b)(5) of the Exchange Act [15 U.S.C. §78m(b)(5)] and Rules 13b2-1 and 13b2-2 thereunder [17 U.S.C. §240.13b2-1, 13b2-2];

(c) orders Defendant to pay disgorgement in the amount of $12,000, plus prejudgment interest thereon in the amount of $2443.53, which is intended as disgorgement and not as a fine or penalty;

(d) orders Defendant to pay a civil penalty in the amount of $10,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

2. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to the penalty amount specified in paragraph 1.(d) above that Defendant pays pursuant to the Final Judgment, regardless of whether such amount or any part thereof is added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for the amount that Defendant pays pursuant to the Final Judgment, regardless of whether such amount specified in paragraph 1.(d) above or any part thereof is added to a distribution fund or otherwise used for the benefit of investors.

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a

3

member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes,

Defendant agrees that Defendant is not the prevailing party since the parties have reached a good faith settlement.

12. In connection with this action Defendant (i) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for testimony at trial; (ii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then prevailing U.S. Government per diem rates.

13 Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 4/27/2011

On this 27 day of April, 2011, L. Collins, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public

Commission expires: 10/4/12

LIBBY A. REYNOLDS
NOTARY PUBLIC, STATE OF MAINE
MY COMMISSION EXPIRES OCT  2012

Approved as to form:

Maria R. Durant
Collora LLP
600 Atlantic Avenue
Boston, MA 02210

Attorneys for Defendant Collins

5