UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>      Plaintiff,<br> v.<br><br>ERIC JAEGER and<br>JERRY A. SHANAHAN,<br><br>      Defendants | Civ. No. 01:07-00039-SM |

**MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE PORTIONS OF
THE TESTIMONY OF MR. KANGOS**

Table of Contents

Page

I.   Statement of Facts ...................................................................................................1

II.  The Standards for Admissible Expert Testimony ...................................................3

III. Mr. Kangos Opinions are Inadmissible Based on the Standard
     Set Forth in Fed.R.Evid. 702, *Daubert*, and Fed.R.Evid. 704. ...............................4

     A. Mr. Kangos Opinions are Speculative ............................................................4

     B. Mr. Kangos Does Not Have Expertise in the Area He
        Opines On ........................................................................................................5

     C. Mr. Kangos's Opinions Embrace An Ultimate Issue to Be
        Decided by the Trier of Fact ...........................................................................6

IV.  Conclusion ...............................................................................................................7

Table of Authorities

Cases

*Andrews v. Metropolitan N. Commuter R.R. Co.*, 882 F.2d 705
(2d Cir. 1989)......................................................................................................................4

*Damon v. Sun Co.*, 87 F.3d 1467 (1st Cir. 1996)..............................................................3

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)............................................3

*Dinco v. Dylex Ltd.*, 111 F.3d 964 (1st Cir. 1997).....................................................3, 4, 7

*Kumho Tire Co Ltd. v. Carmichel*, 526 U.S. 137 (1999)..................................................3

*Levin v. Dalva Brothers, Inc.*, 459 F.3d 68 (1st Cir. 2006) .............................................3

*LinkCo, Inc. v. Fujitsu Ltd.*, 2002 U.S. Dist. LEXIS 12975
(S.D.N.Y. July 16, 2001) ..................................................................................................4

*Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052 (4th Cir. 1986) .......................................5

*United States v. Garcia-Morales*, 382 F.3d 12 (1st Cir. 2004)........................................5

*United States v. Lopez-Lopez*, 282 F.3d 1 (1st Cir. 2002) ...............................................5

*United States v. Montas*, 41 F.3d 775 (1st Cir. 1994)......................................................5

*United States v. Scop*, 846 F.2d 135 (S.D.N.Y. 1988) ), *aff'd,* 940 F. 2d 1004
(7th Cir. 1991)...................................................................................................................6

Statutes

15 U.S.C. §78j.....................................................................................................................6

17 C.F.R. §240.10b-5..........................................................................................................6

Fed. R. Evid. 702 ......................................................................................................3, 4, 5

Fed.R. Evid. 704 ....................................................................................................3, 4, 6, 7

The Securities and Exchange Commission ("SEC") submits this Memorandum in support of its motion to exclude certain portions of the opinions of Douglas J. Kangos ("Mr. Kangos"). Mr. Kangos is the expert witness for defendant Eric Jaeger. Mr. Kangos offers an opinion on what Mr. Jaeger new, but that testimony will be the subject of lay testimony at trial, and Mr. Kangos's opinion on those matters should be stricken. Mr. Kangos never talked to Mr. Jaeger, or any other witness in the case. Mr. Kangos opinions are not based on scientific, technical or specialized knowledge, they will not assist the trier of fact, but instead would usurp the role of the trier of fact. As such, those areas of lay testimony, which are set forth herein, should be excluded.

## I. Statement of Facts.

Mr. Kangos's expert report is attached hereto as Exhibit A. He does not specifically set forth any opinions, but rather engages in a running monologue of what he thinks Mr. Jaeger knew or did not know. But Mr. Kangos is an accountant and CPA. He is not experienced, by profession, in what someone knew or did not know. More importantly, Mr. Kangos never talked to Mr. Jaeger or any other witness in the case. The SEC has identified certain "opinions" of Mr. Kangos that should be excluded because these opinions usurp the role of lay witnesses, who will testify to the facts in the case. The following opinions should be excluded:

I would not expect Mr. Jaeger to have been primarily involved with devising, implementing, or monitoring internal controls related to financial report matters. P. 4

I have not seen any evidence that Mr. Jaeger overrode, or knowingly aided others to override, financial reporting controls that led to material misstatements of revenue during either the fiscal year ended March 3, 2001 or the ten-month period ended December 29, 2001. P. 4, 5.

Nothing indicates that Mr. Jaeger possessed sufficient knowledge and experience to properly account for the three transactions described below or even that Mr. Jaeger knew of the intended application of the relevant accounting guidance or actual revenue recognition for any of the three transactions. P. 5.

There is no evidence that the Company's monitoring of the investment portfolio and/or potential deals as an avenue to expand revenue and increase market share is unreasonable and indicative of management's, including Mr. Jaeger's, intent to ignore both the Company's internal control over financial reporting and the relevant financial accounting and reporting guidance. P. 5, 6.

Nothing I have reviewed suggests that Mr. Jaeger was involved in assessing revenue recognition for the three transactions, nor, given their accounting complexity, would I expect him to have been. P. 6.

In my experience, a non-accountant like Mr. Jaeger lacks the knowledge and experience to effectively assess the interrelationships between the facts and circumstances of arrangements as complex as those below with the myriad of complex financial accounting guidance related to revenue recognition, investments, non-monetary transactions and research and development required to reasonably determine the extent to which some or all revenue from a transaction could be recognized and when. P. 6.

I would not expect Mr. Jaeger to possess the sophisticated knowledge and experience to ascertain the proper accounting for these transactions. P. 6.

Nothing I have reviewed shows that Mr. Jaeger was involved in the execution of the [iPolicy] transaction. P. 7.

There is no evidence that Mr. Jaeger was aware of the intended application of the relevant accounting guidance for this transaction, nor, more generally, the accounting for the research and development costs. [regarding iPolicy]. P. 8.

Nothing that I have reviewed indicates that Mr. Jaeger was involved in assessing revenue recognition, or otherwise aware of the intended application of the relevant revenue recognition guidance, for the iPolicy transaction, nor, given its accounting complexity, would I expect him to have been. P. 8, 9.

[T]here is no evidence that Mr. Jaeger was aware of Centricity's financial condition as of the April 2001 Cabletron investment. P. 9.

I am not aware of any evidence that Mr. Jaeger was involved in the execution of [the Centricity] sale transactions. P. 10

Nothing I have reviewed indicates that Mr. Jaeger was involved in assessing revenue recognition for the Centricity transaction, nor, given its accounting complexity, would I expect him to have been. P. 11.

Nothing in what I have reviewed indicates that Mr. Jaeger was involved in assessing revenue recognition for the Everest transaction, nor, given its accounting complexity, would I expect him to have been.  P. 13.

[T]here is no evidence to support the claim that Mr. Jaeger personally aided and abetted a scheme to generate revenue not properly recognized as revenue under GAAP and to improperly recognize that revenue while claiming to adhere to GAAP principles.  P. 13.

[T]here is no evidence that suggests Mr. Jaeger's actions in relation to any of the three transactions were with the purpose and effect of creating the false appearance of actual sales.  P. 13.

## II. The Standards for Admissible Expert Testimony.

Fed. R. Evid. 702 governs admissibility of expert testimony.[1]  While the rule is one of admissibility and not exclusion, pursuant to *Daubert,* "districts courts are to perform a 'gatekeeping function and insure that proffered expert testimony is both relevant and reliable.'"  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593-94 (1993), *Levin v. Dalva Bros., Inc.* 459 F. 3d 68, 78 (1st Cir. 2006).  The "basic gatekeeping obligation" applies not just to scientific testimony but to all expert testimony, including technical and other specialized expert testimony.  *Kumho Tire Co Ltd. v. Carmichel*, 526 U.S. 137, 147 (1999).  Expert testimony must be excluded if it is speculative, conclusory or beyond the scope of the expert's purported expertise.  *Damon v. Sun Co.*, 87 F. 3d 1467, 1474 (1st Cir. 1996); *Dinco v. Dylex Ltd.*, 111 F. 3d 964, 973 (1st Cir. 1997).

---

[1] Fed. R. Evid. 702 provides: "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or date, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and  methods reliably to the facts of the case."

3

Fed. R. Evid. 704 addresses the issue of the "ultimate issue in the case." While it allows witnesses to give opinions that embrace an ultimate issue in the case, the rule is not a "carte blanche" for experts to substitute their views for matters well within the ken of the jury. *Dinco* at 972. This is precisely what Mr. Kangos is doing when he purports to testify about Mr. Jaeger's knowledge.

### III. Mr. Kangos Opinions are Inadmissible Based on the Standards Set Forth in Fed. R. Evid. 702, *Daubert*, and Fed. R. Evid. 704.

#### A. Mr. Kangos Opinions are Speculative and Unreliable.

On July 27, 2011, Jaeger filed a motion to strike the declaration of Steven Henning, the SEC's expert. One ground that Jaeger based his motion on was that the expert report contained speculation about Mr. Jaeger's knowledge or intent, which is not an appropriate subject of expert testimony and is unconnected to any expertise Mr. Henning might have. Motion at 3. The Court agreed. The same issue exists with respect to Mr. Kangos.

Mr. Kangos does not cite any accounting rules in his opinion. He merely cites the Enterasys corporate records that he reviewed. He then opines on what Mr. Jaeger knew, or did not know, about the transactions. These opinions are speculative. Expert testimony is inadmissible when it addresses "lay matters which a jury is capable of understanding and deciding without the expert's help." *Andrews v. Metro N. Commuter R.R. Co.,* 882 F. 2d 705, 708 (2d Cir. 1989) (testimony that defendant was negligent was improper); *LinkCo, Inc. v. Fujitsu Ltd.,* 2002 U.S. Dist LEXIS 12975 (S.D.N.Y. July 16, 2001)("where expert's report was based on a review of, *inter alia*, 'documents, computer documents, computer files, deposition transcripts and exhibits" the "testimony by fact witnesses familiar with those documents would be far more appropriate. . .and render [the

4

expert witness'] secondhand knowledge unnecessary for the edification of the jury"). What Jaeger knew about the various transactions must come from lay witnesses at trial, not from Mr. Kangos.

For expert testimony to be admissible under Fed. R. Evid. 702, it must be "relevant to the task at hand" and helpful to the jury in its deliberations. *United States v. Lopez-Lopez*, 282 F. 3d 1, 13 (1st Cir. 2002); *United States v. Garcia-Morales*, 382 F. 3d 12, 18 (1st Cir. 2004). Mr. Kangos's opinions are not helpful to the jury. In fact, the testimony is very damaging because it puts an expert's opinions on lay testimony, elevating these opinions for the jury. *See United States v. Montas*, 41 F. 3d 775, 783 (1st Cir. 1994) ("Expert testimony on a subject that is well within the bounds of a jury's ordinary experience generally has little probative value. On the other hand the risk of unfair prejudice is real. By appearing to put the expert's stamp of approval on the government's theory, such testimony might unduly influence the jury's own assessment of the inference that is being urged," *citing Scott v. Sears, Roebuck & Co.,* 789 F. 2d 1052, 1055 (4th Cir. 1986)). The testimony of Mr. Kangos should be excluded as speculative and beyond the scope of Fed. R. Evid. 702.

### B. Mr. Kangos Does Not Have Expertise in This Opinion Area.

Mr. Kangos is an accountant and a CPA. He has no expertise in what people know or do not know about the facts of this case. He never talked to Mr. Jaeger or any other witnesses in this case. Kangos Dep. p. 6 ll. 1-10, Ex. B. Fed. R. Evid. 702 requires that an expert have "knowledge, skill, and experience" to give the opinion and then "reliably apply the principles and methods to the facts of the case." Fed. R. Evid. 702. That is not what Mr. Kangos has done. Instead he has simply given his lay person

opinion on what Mr. Jaeger knew or did not know, without ever talking to Mr. Jaeger. His opinions should be excluded.

### C. Mr. Kangos's Opinion Embrace An Ultimate Issue to Be Decided by the Trier of Fact.

Mr. Kangos's opinions that recite what knowledge Mr. Jaeger had, go to the ultimate issue in the case. The advisory notes to Fed.R. Evid. 704 state:

> The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach.

Fed. R. Evid. 704, 1972 Proposed Rules Advisory Note. Mr. Kangos expresses the following opinion:

> [T]here is no evidence to support the claim that Mr. Jaeger personally aided and abetted a scheme to generate revenue not properly recognized as revenue under GAAP and to improperly recognize that revenue while claiming to adhere to GAAP principles. P. 13.

This opinion goes to the ultimate issue in the case, is not based on any foundation and should be excluded.

In *United States v. Scop*, 846 F. 2d 135, 139 (S.D.N.Y. 1988) ), *aff'd,* 940 F. 2d 1004 (7th Cir. 1991)(case transferred), the court excluded an expert who opined on the ultimate issue regarding what defendants did, and couched the opinion in terms of expert testimony. The court found that he invaded the province of the court to determine the applicable law and to instruct the jury as to that law. *United States v. Scop,* 846 F. 2d at 139. What Mr. Jaeger knew about each of the transactions is the ultimate issue in this case because that will decide whether he aided and abetted Enterasys's primary violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 adopted thereunder, [15 U.S.C. §78j and 17 C.F.R. §240.10b-5]. Mr. Kangos's opinions go to

6

the ultimate issue and try to absolve Mr. Jaeger of responsibility.  But this is for the jury to decide.  *See Dinco* at 972-73.  Mr. Kangos's opinions should be excluded because they go beyond what is allowed by Fed. R. Evid. 704 and constitute a "carte blanche" substitution of his views for matters will within the ken of the jury.  *Id.*

### IV. Conclusion

For the foregoing reasons, the provisions of Mr. Kangos's opinions noted herein, should be excluded from trial.

Respectfully submitted this 18th day of November, 2011.

s/Nancy J. Gegenheimer
Leslie J. Hughes (Colo. 15043)
Nancy Gegenheimer (Colo. 8981)
Securities and Exchange Commission
1801 California Street, Suite 1500
Denver, CO  80202
(303) 844-1000

CERTIFICATE OF SERVICE

I certify that on this 18th day of November, 2011, I sent a true copy of the foregoing pleading by electronically mailing it through the ECF system to the following persons:

John Richard Baraniak, Jr.   jbaraniak@choate.com   (Counsel for Patel)

Diana K. Lloyd   dlloyd@choate.com (Counsel for Patel)

Peter Bryan Moores   pmoores@choate.com (Counsel for Patel)

Jeffrey B. Rudman   jeffrey.rudman@wilmerhale.com (Counsel for Jaeger)

Jonathan A. Shapiro   jonathan.shapiro@wilmerhale.com (Counsel for Jaeger)

Miranda Hooker   miranda.hooker@wilmerhale.com (Counsel for Jaeger)

Peter A. Spaeth   peter.spaeth@wilmerhale.com (Counsel for Jaeger)

Bruce A. Singal   bsingal@dbslawfirm.com (Counsel for Kay)

John C. Kissinger   jkissinger@nkms.com (Counsel for Kay)

Michelle R. Peirce   mpeirce@dbslawfirm.com (Counsel for Kay)

Victor W. Dahar   vdaharpa@worldnet.att.net (Counsel for Skubisz)

Ann Pauly   apauly@gtmllp.com (Counsel for Skubisz)

Mark B. Dubnoff   mdubnoff@eapdlaw.com   (Counsel for Barber)

Richard McCarthy   rmccarthy@eapdlaw.com   (Counsel for Barber)

Mark B. Dubnoff   mdubnoff@eapdlaw.com (Counsel for Barber)

Michael D. Ramsdell   mramsdell@krhlaw.com (Counsel for Barber)

Andrew Good   agood@goodcormier.com   (Counsel for Shanahan)

Philip G. Cormier   pcormier@goodcormier.com (Counsel for Shanahan)

Steven M. Gordon   sgordon@shaheengordon.com   (Counsel for Kirkpatrick)

Lucy J. Karl   lkarl@shaheengordon.com (Counsel for Kirkpatrick)

Jeffrey S. Lyons     lyonsj@sec.gov  (Counsel for SEC)

Leslie J. Hughes    hugheslj@sec.gov (Counsel for SEC)

Jay Scoggins        scogginsj@sec.gov (Counsel for SEC)

Kevin E. Sharkey     kjs5@verizon.net (Counsel for Collins)

Jennifer M. Ryan    jryan@dwyercollora.com (Counsel for Collins)

Maria R. Durant    mdurant@dwyercollora.com (Counsel for Collins)

William H. Kettlewell    wkettlewell@dwyercollora.com (Counsel for Collins)

William Contolo    wcintolo@aol.com (Counsel for Boey)

                                      S/ Nicole L. Nesvig