# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PIYUSH G. PATEL, DAVID J. KIRKPATRICK, ERIC JAEGER, BRUCE D. KAY, ROBERT J. GAGALIS, ROBERT G. BARBER, JR., LAWRENCE COLLINS, MICHAEL A. SKUBISZ, JERRY A. SHANAHAN, HOR CHONG (DAVID) BOEY,<br><br>　　　　　　　　　　　　Defendants. | No. 01:07-00039-SM<br><br>ORAL ARGUMENT REQUESTED |

## DEFENDANT ERIC JAEGER'S MOTION TO EXCLUDE TESTIMONY OF STEVEN HENNING

Jonathan A. Shapiro
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
(650) 858-6000

Jeffrey B. Rudman (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

November 18, 2011

Pursuant to Federal Rule of Evidence 702, Defendant Eric Jaeger submits this motion for an order excluding certain proposed testimony of the Security and Exchange Commission's expert, Steven L. Henning, under Federal Rule of Evidence 702.

As grounds for this motion, Mr. Jaeger states that—as explained more fully in the accompanying Memorandum of Law—Mr. Henning's proffered testimony:

(1) Improperly usurps the role of the jury by consisting predominantly of a factual narrative of the case that a lay juror is equally capable of constructing;

(2) Draws inferences about Mr. Jaeger's knowledge and understanding that are speculative and unconnected to any expertise Mr. Henning might have;

(3) Opines about Mr. Jaeger's role and responsibilities in the course of his employment on the basis of speculation and without resort to any specialized knowledge; and

(4) Offers legal conclusions as to the materiality of three transactions without having used any methodology for determining the materiality of those specific transactions.

## REQUEST FOR ORAL ARGUMENT

Mr. Jaeger respectfully requests oral argument pursuant to Local Rule 7.1(d). Mr. Jaeger makes this request because he believes that oral argument may assist the Court's consideration of this Motion and he would appreciate the opportunity for counsel to address any issues raised by, or questions posed by, the Court. Mr. Jaeger is prepared to limit his argument, if one is permitted, to the fifteen (15) minutes called for by Local Rule 7.1(d)

## CERTIFICATE OF NON-CONCURRENCE

Counsel for Mr. Jaeger hereby certify that a good faith attempt was made to obtain concurrence in the relief sought, but no such concurrence could be reached.

WHEREFORE, Defendant Eric Jaeger respectfully requests that the Court exclude the testimony of Steven Henning, in particular:

- 2 -

- Any testimony constituting a factual summary of the case;

- Any testimony purporting to opine about Mr. Jaeger's knowledge, intent, understanding, or state of mind;

- Any testimony purporting to opine about Mr. Jaeger's role or responsibilities; and

- Any testimony concerning the materiality of the transactions referenced by the SEC in its complaint in this action, including the three transactions that remain at issue with respect to Mr. Jaeger — Centricity, iPolicy, and Everest Broadband transactions.

    Respectfully submitted,

    ERIC JAEGER,

    By his attorneys,

    /s/ Jonathan A. Shapiro
    Jonathan A. Shapiro
    WILMER CUTLER PICKERING HALE
    AND DORR LLP
    950 Page Mill Road
    Palo Alto, California 94304
    (650) 858-6000

    Jeffrey B. Rudman (admitted *pro hac vice*)
    WILMER CUTLER PICKERING HALE
    AND DORR LLP
    60 State Street
    Boston, Massachusetts  02109
    (617) 526-6000

- 3 -

**CERTIFICATE OF SERVICE**

      I, Jonathan A. Shapiro, hereby certify that Defendant Eric Jaeger's Motion to Exclude Testimony of Steven Henning filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 18, 2011.

                                      /s/ Jonathan A. Shapiro_____
                                      Jonathan A. Shapiro

Dated: November 18, 2011