UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>                Plaintiff,<br>   v.<br><br>ERIC JAEGER and<br>JERRY A. SHANAHAN,<br><br>                Defendants | Civ. No. 01:07-00039-SM |

**MOTION OF PLAINTIFF TO STRIKE THE SUPPLEMENTARY SUBMISSION OF DEFENDANT SHANAHAN IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT (ECF #304)**

Plaintiff United States Securities and Exchange Commission ("SEC") moves this Court for an Order striking defendant Jerry A. Shanahan's ("Shanahan") Supplementary Submission in Support of His Motion for Summary Judgment and the attached Declaration of Joe Guth ("Supplement") (ECF #304) and as grounds therefore states:

**A. There is no provision in Local Rules of the United States District Court for the District of New Hampshire to submit a Supplement supporting summary judgment five months after the motions are at issue and after all deadlines for filing summary judgment have passed**.

The final briefing on the parties' joint motions for summary judgment was submitted February 1, 2012. Now, over five months later, Shanahan attempts to supplement his summary judgment but this filing is clearly beyond the time period for filing summary judgments. Moreover, the evidence submitted, the Declaration of Joe Guth, is not new evidence and was available to Shanahan throughout this entire proceeding. This Action is governed by a Second

Amended Joint Discovery Plan entered November 25, 2009. ("Plan") (ECF #218). The Plan provided that summary judgment motions shall be filed no later than 120 days before trial. Trial had originally been scheduled for March 23, 2012, and the parties timely filed summary judgments within the time allowed by the Plan. The Court continued the trial until November 13, 2012, which would make the 120 day period for filing summary judgment expire July 10, 2012. Shanahan did not submit his Supplement until July 30, 2012. The court should not allow this late submission. *See Mouliert-Vidal v. Flores-Galarza*, 165 Fed. Appx. 866, 2006 U.S. App. LEXIS 756 *11 (1st Cir. 2006) (district court has wide discretion to manage its caseload by setting deadlines for filings and holding parties to those deadlines).

Shanahan gives no explanation for his untimely Supplement. If Shanahan had believed that additional discovery was needed before filing his summary judgment or responding the SEC's summary judgment, he needed to use Fed. R. Civ. P. 56(f), and he did not. Any motion under Rule 56(f) would have required Shanahan to prove a number of requirements including:

> The litigant must submit to the trial court an affidavit or other authoritative document showing (i) good cause for his inability to have discovered or marshaled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion.

*Rivera-Torres v. Rey-Hernandez,* 502 F. 3d 7, 10 (1st Cir. 2007). In addition, Rule 56(f) is not designed to give relief to those who sleep upon their rights. *Id.* A party seeking to derive the benefit of Rule 56(f) must demonstrate due diligence both in conducting discovery before the emergence of the summary judgment motion and in pursing an extension of time once the motion has surfaced. *Id.*

Because Shanahan could not meet the requirements of Rule 56(f), he should not be allowed to submit an untimely Supplement without any explanation whatsoever.  This case has been pending for five years.  The parties had ample time for discovery and Shanahan did not depose Mr. Guth (or anyone else).  Discovery was concluded in March 2011.  Shanahan has filed his own summary judgment.  (ECF #279).  Shanahan never asked the Court to refrain from ruling on the summary judgments while he sought additional information or attempted to conduct additional discovery.  *C.B.Trucking Inc. v. Waste Management*, 137 F. 3d 41, 43 (1st Cir. 1998) (litigant must request that the court refrain from acting on the summary judgment.).  Rule 56(f) is designed to minister to the vigilant, not those who slumber upon perceptible rights.  *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F. 3d 86, 92 (1st Cir. 1996) (plaintiff waited twenty-one months and conducted no discovery).  In any event, Shanahan's Supplement was not filed within a reasonable time of the summary judgments.  *See Rivera-Torres v. Rey-Hernandez*, 502 F. 3d 7 (1st Cir. 2007) (quoting Shakespeare 'delays have dangerous ends.").  Shanahan could not meet the requirements for Rule 56(f) and he should not be allowed to circumvent that Rule and simply file an untimely Supplement.

**B. The Supplement and the Declaration of Joe Guth are not new evidence.**

Shanahan has submitted a Supplement together with the Declaration of Joe Guth. ("Declaration").  Joe Guth lives in Massachusetts and had been available as a witness and Declarant throughout the pendency of this Action.  Guth was available when Shanahan filed his summary judgment.  The Declaration could have and should have been submitted when Shanahan filed his summary judgment or at the latest, when Shanahan filed his Reply on February 1, 2012.  (ECF #295).  The Declaration itself is dated April 24, 2012, which means

3

Shanahan sat on the Declaration for over three months before filing it with the Court. The matters stated in Mr. Guth's declaration are not knew, they have been known to him and anyone who wanted to inquire, since 2001 when Guth performed his duties at Enterasys.

**C. Section 17(a)(1) and (3) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) thereunder do not have a materiality element and so the Supplement of Shanahan and the Declaration are irrelevant.**

Shanahan argues that his Supplement shows that the amount Enterasys booked for the Tech Data Canada transaction was immaterial. However, materiality is not an issue on the claims against Shanahan. On September 30, 2009, this Court granted Shanahan's motion to dismiss, in part. The Court held that Shanahan's motion to dismiss on Section 17(a)(1) and (3) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) thereunder was denied and all other claims were dismissed. Sections 17(a)(1) and (3) of the Securities Act provide:

> It shall be unlawful for any person in the offer or sale of any securities…by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly –
>
> (1)   To employ any device, scheme, or artifice to defraud, or
>
> 3)    To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) thereunder provide:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—
>
> (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered…any manipulative or deceptive device or contrivance in contravention of such rules

4

    and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Rule 10b-5(a) and (c) thereunder provide:

  (a) to employ any device, scheme, or artifice to defraud,

  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

 in connection with the purchase or sale of any security.

As this court noted, "as is apparent from the relevant statutes and regulations, there is no materiality requirement for scheme or course-of-business liability." *SEC v. Patel*, 2009 DNH 143, 2009 U.S. Dist. LEXIS 90558 *20 (D. N. H. 2009).

 Even if the court were to find that materiality was an issue, the Tech Data Canada transaction enabled Enterasys to claim that it had made $240 million in revenue in the fourth quarter of 2001. Without the Tech Data Canada transaction Enterasys would have reported only $237 million in revenue and analysts had predicted they would report $239 million. Declaration of Nancy Gegenheimer Ex. 1, Ex. 15 thereto (hereinafter Ex. ___") (ECF #260). Shanahan had stated to his employees that it was critical that they make the revenue number in that quarter. Exhs. 19, 20. As such, the Tech Data Canada transaction was material.

 Shanahan admits to taking the revenue precluding terms out of the Tech Data Canada letter but sending an email to Tech Data Canada confirming that Enterasys was still obligated to those terms he omitted. Ex 3 (Shanahan's Response to Interrogatory No. 4). The auditors did not know, and were not told, of Shanahan's deal and they used the purchase order with Tech Data Canada to book the revenue. See Declaration of Nancy J. Gegenheimer Reply Memorandum, attachment 2. (ECF #288-1). Putting the revenue precluding terms into a side

5

agreement was a deceptive act and was also part of a course of business to report as revenue, income that did not qualify as revenue and Shanahan participated in this scheme.  *See SEC v. U.S. Envir.*, 155 F. 3d 107, 111 (2d Cir. 1998).

Ultimately, Tech Data Canada returned $2.5 million of product - -on October 22, 2001, Tech Data Canada returned $1 million of product.  Ex. 29.  Thereafter, Tech Data Canada returned $1.5 million.  Ex. 30.  So any "reserve" placed on the balance sheet for the sale was far short of what was returned, Enterasys received almost no income from the Tech Date Canada transaction.

## CONCLUSION

For the foregoing reasons, the SEC prays that the Court strike the Supplement of Shanahan as untimely or in any event find that the Supplement and Declaration are irrelevant.

Respectfully submitted this 10th day of August, 2012.

>	s/ Nancy J. Gegenheimer
> Nancy J. Gegenheimer (Colo. 8981)
> Leslie J. Hughes (Colo. 15043)
> Securities and Exchange Commission
> 1801 California Street, Suite 1500
> Denver, CO  80202
> (303) 844-1000

CERTIFICATE OF SERVICE

I certify that on August 10, 2012, I sent a true copy of the foregoing MOTION TO STRIKE THE SUPPLEMENTAL SUBMISSION OF DEFENDANT JERRY SHANAHAN by electronically mailing it through the ECF system to the following persons:

John Richard Baraniak, Jr.   jbaraniak@choate.com  (Counsel for Patel)

Diana K. Lloyd   dlloyd@choate.com (Counsel for Patel)

Peter Bryan Moores   pmoores@choate.com (Counsel for Patel)

Jeffrey B. Rudman   jeffrey.rudman@wilmerhale.com (Counsel for Jaeger)

Jonathan A. Shapiro   jonathan.shapiro@wilmerhale.com (Counsel for Jaeger)

James Prendergast   james.prendergast@wilmerhale.com  (Counsel for Jaeger)

James Lux   james.lux@wilmerhale.com   (Counsel for Jaeger)

Miranda Hooker   miranda.hooker@wilmerhale.com (Counsel for Jaeger)

Peter A. Spaeth   peter.spaeth@wilmerhale.com (Counsel for Jaeger)

Victor W. Dahar   vdaharpa@worldnet.att.net (Counsel for Skubisz)

Ann Pauly   apauly@gtmllp.com (Counsel for Skubisz)

Andrew Good   agood@goodcormier.com  (Counsel for Shanahan)

Philip G. Cormier   pcormier@goodcormier.com (Counsel for Shanahan)

Steven M. Gordon   sgordon@shaheengordon.com  (Counsel for Kirkpatrick)

Lucy J. Karl   lkarl@shaheengordon.com (Counsel for Kirkpatrick)

Maria R. Durant   mdurant@dwyercollora.com (Counsel for Collins)

William H. Kettlewell   wkettlewell@dwyercollora.com (Counsel for Collins)

Michael D. Ramsdell mramsdell@ramsdelllawfirm.com (Counsel for Kay)

/s/ Nancy Gegenheimer