```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE


UNITED STATES SECURITIES      )
AND EXCHANGE COMMISSION       )
                              )
           Plaintiff,         )
                              )
      v.                      )    Civ. No. 07-39-SM
                              )
ERIC JAEGER and               )
JERRY A. SHANAHAN,            )
                              )
           Defendants.        )
```

**JERRY SHANAHAN'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE HIS MOTION FOR LEAVE TO FILE SUPPLEMENTARY SUBMISSION IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT (ECF NO. 304)**

Jerry Shanahan hereby opposes the SEC's motion to strike his motion for leave to file his supplemental submission in support of his summary judgment motion. His motion for leave to file is ECF No. 304.

The SEC's motion to strike should be denied and Mr. Shanahan's motion for leave to file should be allowed for the following reasons.

1. Mr. Shanahan filed his motion for leave to file his supplementary submission precisely because the joint interview of Joseph Guth conducted by undersigned counsel and the SEC occurred after discovery closed and the summary judgment briefing cycle was completed. Both parties participated by electronic mail in preparing and

1

editing the Supplemental Declaration of Joseph Guth that resulted from the joint interview. As indicated in Mr. Shanahan's proposed submission, the Supplemental Declaration of Joseph Guth <u>corrects the SEC's incorrect statement to this Court</u> in its summary judgment submission concerning a spreadsheet written by Mr. Guth that included an entry taking a $1 million reserve against revenue for the Tech Data Canada transaction that is the subject matter of this case. The SEC argued incorrectly that the $1 million reserve did not apply to the transaction at issue, but did apply to a different transaction in July 2001. *See* Exhibit A to ECF No. 304 at 2-3.

2. It would be an extraordinary waste of judicial and government resources to refuse to accept Mr. Guth's Supplementary Declaration and Mr. Shanahan's submission which establishes that Mr. Guth's declaration corrects the SEC's incorrect statement concerning his spreadsheet. Mr. Guth is a New Hampshire resident. Mr. Guth can be required to testify at trial. His supplemental declaration establishes what his testimony would be. <u>The SEC does not deny that Mr. Guth's supplemental declaration is accurate. It does not deny that it corrects the SEC's incorrect statement that the $1</u>

<u>million reserve applied to a July 2001 transaction rather than the August 29, 2001 transaction at issue</u>. The interests of justice and judicial economy are not served by declining to allow the SEC's incorrect statement to be corrected.

3. Undersigned counsel sought the SEC's assent for leave to file the supplemental summary judgment submission on June 20, 2012. As the attached email chains indicate, the SEC's counsel requested two weeks delay because she was leaving town and had no time to read the proposed submission. After returning, the SEC finally indicated that it did not assent until July 30, 2012. The SEC should not be heard to complain about the lack of timeliness of Mr. Shanahan's motion for leave.

4. The SEC claims that Mr. Shanahan "slept on his rights" because he did not depose Mr. Guth during the discovery. The $1 million reserve entered on Mr. Guth's spreadsheet (Exhibit 30), appears in a column headed "Q3'02 Stock Rotation Per Q2'02 EOQ (End of Quarter) Deals." (parenthetical added). The quarter in question ended on September 1, 2001. There never was any reason for Mr. Shanahan to believe that the entry did not apply to the August 29, 2001 transaction (end of quarter transaction). For that reason, there is no reason to incur the expense

and burden Mr. Guth by taking his deposition to prove what was obvious on the face of the spreadsheet. The proposed supplemental submission became necessary solely because the SEC contended baselessly and incorrectly after discovery closed that the reserve applied exclusively to the July transaction.

5. The SEC argues that neither anti-fraud provision that it claims Mr. Shanahan violated includes a materiality requirement. This merits argument is addressed in the proposed submission. It is sufficient to point out here that the SEC's argument that Rule 10(b)(5) does not require it to prove materiality is frivolous. *Basic Inc. v. Levinson*, 485 U.S. 224, 231 (1988). Both Rule 10(b)(5) and section 17(a) include the words "fraud" and "defraud." There can be no serious question that the use of those words imposes a materiality requirement. Under any federal anti-fraud law, there can be no liability for fraud or intent to defraud because the accused withheld or misrepresented immaterial information.

                                      Respectfully submitted,

                                      Jerry A. Shanahan

```
                                By his attorneys,

                                /s/ Andrew Good
                                Andrew Good

                                /s/ Philip G. Cormier
                                Philip G. Cormier

                                Good & Cormier
                                83 Atlantic Avenue
                                Boston, MA 02110
                                (617) 523-5933
```

DATED: August 22, 2012

## Certificate of Service

I hereby certify that a copy of the foregoing Motion was hereby served, via the ECF system, upon the following:

| | |
|---|---|
| **Nancy Gegenheimer** | gegenheimern@sec.gov |
| **Leslie J. Hughes** | hugheslj@sec.gov |
| **Jeffrey S. Lyons** | lyonsj@sec.gov |
| **Jeffrey B. Rudman** | jeffrey.rudman@wilmerhale.com |
| **James A. Scoggins, II** | scogginsj@sec.gov |
| **Jonathan A. Shapiro** | jonathan.shapiro@wilmerhale.com |

DATED: August 22, 2012

```
                                /s/ Andrew Good
                                Andrew Good
```

G:\CLIENTS\Shanahan (Civil)\Summary Judgment\Shanahan\Guth Supplement\Shanahan Opposition to Motion to Strike Guth Submission.docx

# Exhibit 1

| | |
|---|---|
| **From:** | Andy |
| **To:** | Josh Good |
| **Subject:** | FW: SEC v. Jerry Shanahan |
| **Date:** | Sunday, August 19, 2012 6:35:42 PM |

I want to attach this email chain to our opposition to motion to strike.  How to do that?

Thanks.

_____

Andrew Good
Good & Cormier
83 Atlantic Ave.
Boston, MA 02110
617-523-5933 Phone
617-523-7554 Fax
617-935-9213 Cell

**From:** Gegenheimer, Nancy J. [mailto:GegenheimerN@sec.gov]
**Sent:** Thursday, June 21, 2012 11:30 AM
**To:** Andy
**Subject:** RE: SEC v. Jerry Shanahan

Maybe you could file next week then my time to respond will not have run out before I get back, I leave today  thanks
Nancy

**From:** Andy [mailto:agood@goodcormier.com]
**Sent:** Thursday, June 21, 2012 9:18 AM
**To:** Gegenheimer, Nancy J.
**Subject:** RE: SEC v. Jerry Shanahan

I prefer not to wait 2 weeks because I want to be sure to get this in before he rules.  I have no idea when he'll rule.  So I will revise as you direct and file.

Hope you have a nice two weeks away.

_____

Andrew Good
Good & Cormier
83 Atlantic Ave.
Boston, MA 02110
617-523-5933 Phone
617-523-7554 Fax
617-935-9213 Cell

**From:** Gegenheimer, Nancy J. [mailto:GegenheimerN@sec.gov]
**Sent:** Wednesday, June 20, 2012 6:24 PM

**To:** Andy Good
**Subject:** RE: SEC v. Jerry Shanahan

Andy, I am leaving town tomorrow for two weeks and don't really have time to look at this. So you can do one of two things, file with a motion for leave to amend the summary judgment and say I do not consent because I did not have time to look at it, or you can wait two weeks and I will then take a look at it.
Nancy

---

**From:** Andy Good [mailto:agood@goodcormier...com]
**Sent:** Wednesday, June 20, 2012 3:23 PM
**To:** Gegenheimer, Nancy J.
**Cc:** pcormier@goodcormier..com; josh@goodcormier.com
**Subject:** SEC v. Jerry Shanahan

Nancy: Will you assent to our motion for leave to file?

If you want to respond to the proposed submission, I can indicate that as well. Thanks.

_____
Andrew Good
Good & Cormier
83 Atlantic Ave.
Boston, MA 02110
617-523-5933 Phone
617-523-7554 Fax
617-935-9213 Cell

# Exhibit 2

| | |
|---|---|
| **From:** | Andy |
| **To:** | Josh Good |
| **Subject:** | FW: SEC v. Shanahan |
| **Date:** | Sunday, August 19, 2012 6:40:52 PM |

This also.

_____

Andrew Good
Good & Cormier
83 Atlantic Ave.
Boston, MA 02110
617-523-5933 Phone
617-523-7554 Fax
617-935-9213 Cell

**From:** Gegenheimer, Nancy J. [mailto:GegenheimerN@sec.gov]
**Sent:** Monday, July 30, 2012 2:33 PM
**To:** Andy Good
**Subject:** RE: SEC v. Shanahan

Andy, we do not consent

Nancy

**From:** Andy Good [mailto:agood@goodcormier.com]
**Sent:** Monday, July 30, 2012 12:31 PM
**To:** Gegenheimer, Nancy J.
**Subject:** FW: SEC v. Shanahan

Please respond as I waited for you to return to work at your request. All I am asking for assent to file the Guth papers.

Thanks.

_____

Andrew Good
Good & Cormier
83 Atlantic Ave.
Boston, MA 02110
617-523-5933 Phone
617-523-7554 Fax
617-935-9213 Cell

**From:** Andy Good
**Sent:** Friday, July 20, 2012 4:26 PM
**To:** Gegenheimer, Nancy J. (GegenheimerN@sec.gov)
**Cc:** 'Phil Cormier'; Josh Good (josh@goodcormier.com)
**Subject:** RE: SEC v. Shanahan

Nancy:  May I have your assent to file the Guth papers?  I delayed filing until you returned to work.

_____
Andrew Good
Good & Cormier
83 Atlantic Ave.
Boston, MA 02110
617-523-5933 Phone
617-523-7554 Fax
617-935-9213 Cell

---

**From:** Andy Good
**Sent:** Monday, July 16, 2012 2:43 PM
**To:** Gegenheimer, Nancy J. (GegenheimerN@sec.gov)
**Cc:** 'Phil Cormier'; Josh Good (josh@goodcormier.com)
**Subject:** SEC v. Shanahan

Now that you have returned, do you assent to the filing of this submission?

Thanks.

_____
Andrew Good
Good & Cormier
83 Atlantic Ave.
Boston, MA 02110
617-523-5933 Phone
617-523-7554 Fax
617-935-9213 Cell