UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States Securities
and Exchange Commission,
     Plaintiff

     v.                                    Case No. 07-cv-39-SM
                                           Opinion No. 2012 DNH 167
Eric Jaeger,
Jerry A. Shanahan, and
Hor Chong (David) Boey,
     Defendants

**O R D E R**

The Securities and Exchange Commission ("SEC") and Defendant Shanahan have filed cross-motions for summary judgment (document nos. 258 and 278). Each motion is denied without prejudice.

In its order of September 30, 2009, granting in part and denying in part Shanahan's motion to dismiss the first amended complaint, the court concluded that the SEC adequately stated scheme and course-of-business claims against Shanahan. Although Shanahan had argued, among other things, that the claims should be dismissed because the complaint did not sufficiently allege "materiality," the court allowed the claims to go forward. In its brief in opposition to Shanahan's motion to dismiss, the SEC reasonably argued for that result, positing, correctly, that because materiality is a fact-intensive inquiry, caution should

prevail "at the motion to dismiss stage."  See SEC Br. in Opposition, doc. no. 174, pgs. 18-24.

Facts relevant to Shanahan's materiality argument have now been presented by the parties in support of their opposing summary judgment motions, and it appears that defendant's liability may turn upon its resolution.  Although the court noted, in its prior order, that materiality is not an express element under the language of Sections 17(a)(1) and (3), and under Rules 10b-5(a) and (c), the SEC still retains the burden to establish materiality to the extent the express elements of the claims (e.g., "fraud") necessarily include that concept.  As Shanahan points out (albeit without full development), fraud, by its nature, inherently contemplates a form of deception that matters.  See Foss v. Bear, Stearns, & Co., 394 F.3d 540, 541 (7th Cir. 2005).  See also Securities & Exchange Comm. v. Kelly, 817 F. Supp. 2d 340, 344 (S.D.N.Y. 2011).  The SEC has not addressed the issue, and Shanahan has done so only fleetingly. Neither party, therefore, has carried its burden (Fed. R. Civ. P. 56) to demonstrate entitlement to judgment as a matter of law.

Accordingly, the motions for summary judgment are denied, but without prejudice to refiling, if accompanied by supplemental supporting memoranda that include well-developed argument,

supported by citation to pertinent authority, specifically addressing the following issues:

    1.    Assuming that Shanahan's alleged conduct (or scheme) caused an overstatement of GAAP-recognized revenue by Enterasys, but in an amount that would not have been "material" to the investing public, how did the scheme "operate[..]" or how "would [it have] operate[d]" as a "fraud or deceit upon [a] purchaser" of securities for purposes of Section 17(a)(3) and Rule 10b-5(c)? See, e.g., Aaron v. Securities & Exchange Comm., 446 U.S. 680, 697 (1980); Ernst & Ernst v. Hochfelder, 425 U.S. 185, 212 (1976).

    2.    Assuming that Shanahan's alleged conduct (or scheme) caused an overstatement of GAAP-recognized revenue by Enterasys, but in an amount that would not have been material to the investing public, does that conduct nevertheless qualify as a scheme to defraud "in connection with the sale or purchase of a security" for purposes of Rules 10b-5(a) and (c), or one involving "the offer or sale of any security" for purposes of Sections 17(a)(1) and 17(a)(3)?

    3.    Assuming that Shanahan's alleged scheme contributed to Enterasys's implicit misstatement to the effect that its revenue

3

"met Wall Street analysts' expectations," under what legal standard is materiality to be determined?  That is, does Shanahan's liability depend upon the materiality of Enterasys's public misstatements, regardless of the magnitude of Shanahan's contribution to those misstatements?

    4.   Does the Supreme Court's decision in <u>Janus Capital Group v. First Derivative Traders</u>, __ U.S. __, 131 S.Ct. 2296 (June 13, 2011), foreclose the scheme liability claims in this SEC enforcement action, thereby obviating the need to resolve issues raised in questions 1-3?

## Conclusion

The pending motions for summary judgment (doc. nos. 258 and 278) are denied without prejudice.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 26, 2012

cc:  Peter D. Anderson, Esq.
     John R. Baraniak, Jr., Esq.
     Conrad W. P. Cascadden, Esq.
     William Cintolo, Esq.
     Philip G. Cormier, Esq.
     Victor W. Dahar, Esq.

Maria R. Durant, Esq.
Nancy J. Gegenheimer, Esq.
Andrew Good, Esq.
Steven M. Gordon, Esq.
Miranda Hooker, Esq.
Leslie J. Hughes, Esq.
Lucy J. Karl, Esq.
William H. Kettlewell, Esq.
John C. Kissinger, Esq.
Diana K. Lloyd, Esq.
James Lux, Esq.
Jeffrey S. Lyons, Esq.
Richard J. McCarthy, Esq.
Peter B. Moores, Esq.
Ann Pauly, Esq.
Michelle R. Peirce, Esq.
James W. Prendergast, Esq.
Michael D. Ramsdell, Esq.
Jeffrey B. Rudman, Esq.
James A. Scoggins, II, Esq.
Jonathan A. Shapiro, Esq.
Kevin E. Sharkey, Esq.
Bruce A. Singal, Esq.
Elizabeth H. Skey, Esq.
Peter A. Spaeth, Esq.