**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

---

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civ. No. 01:07-00039-SM |
| v. | |
| JERRY A. SHANAHAN | |
| Defendant. | |

---

**DEFENDANT JERRY SHANAHAN'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Federal Rule of Civil Procedure 51, Local Rule 16.2, and the Court's Trial Notice dated January 20, 2010, Defendant Jerry Shanahan respectfully requests that the Court provide the following proposed jury instructions.

In accordance with Local Rule 16.2(b)(1), Mr. Shanahan has not requested herein any instructions on routine matters, including instructions regarding: the province of the Court and the jury; the identities and independence of multiple defendants; the boundaries of what is and what is not considered to be evidence in this case; the difference between direct and indirect evidence; the evaluation of deposition testimony; the evaluation of the credibility of witnesses; impeachment of witness and deposition testimony; and the burden of proof. Mr. Shanahan is prepared to propose such instructions at the Court's request. Mr. Shanahan also has not requested jury instructions on potential equitable or remedy issues to be resolved by the Court rather than the jury.

These Requested Jury Instructions are based on the authorities cited herein and on all pleadings and other filings in this case.

In addition, pursuant to Local Rule 16.2(b)(1), Mr. Shanahan reserves the right to file additional jury instructions pending resolution of any outstanding motions, including motions for summary judgment, motions *in limine,* and motions to exclude expert witness testimony, and pending review of the Plaintiff Securities and Exchange Commission's ("SEC's") proposed jury instructions. Similarly, Mr. Shanahan has not at this stage of the case framed proposed instructions summarizing the evidence to be adduced at trial and therefore also respectfully requests leave to submit revised or additional jury instructions based upon the evidence actually adduced at trial. Finally, Mr. Shanahan requests leave to submit revised or additional requests that conform with any rulings of law the Court may render before the trial or during the course of trial.

## JURY INSTRUCTION NO. 1: The SEC

You are to perform the duty of finding facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the plaintiff is a government agency, the Securities and Exchange Commission[1], entitles it to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

## JURY INSTRUCTION NO. 2: Expert Testimony [For use if experts are not excluded]

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those people whom we call "expert

---

[1] L. Sand, *et al.,* Modern Federal Jury Instructions, Instr. 2-5 (Modified from "government" to "government agency" and "Securities and Exchange Commission"); *see also* charge given in *SEC v. Koenig,* 2006 WL 2127852 (N.D. Ill. June 29, 2006) (modified); charge given in *United States v. McCall,* 2006 WL 5347401 (N.D. Cal. Oct. 27, 2006) (modified)

witnesses." These are witnesses who, by education and experience, have become expert in some art, science, profession, or calling. When a case involves a matter requiring special knowledge or skill not ordinarily possessed by the average person, expert witnesses may state their opinions as to relevant subject matters in which they have demonstrated their expertise, and may also state the reasons for their opinions.

Like the testimony of other witnesses, however, you are not required to accept the testimony of any expert witness, in whole or in part. Nor are you required to accept the truth or accuracy of any fact on which an expert professes to rely. It is important that you understand that you are to reach your own independent decision about what the evidence shows. Opinion testimony should be judged just like any other testimony. If you decide that the opinion of an expert witness is not based on sufficient facts or sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, of if you feel that the opinion is not credible or is outweighed by other evidence, you may disregard the expert opinion entirely.[2]

**JURY INSTRUCTION NO. 3: Statement of the Nature of the Case and Issues**

This is a civil case in which the SEC (the plaintiff) alleges that defendant Jerry Shanahan, among other defendants, violated the federal securities laws.

The SEC claims that Mr. Shanahan, while he served as Chief Operating Officer of Enterasys, engaged in an alleged scheme or unlawful course of business by others involving two transactions entered into by Enterasys for the purpose of and causing publicly reporting improperly recognized revenue.

The two transactions consist of: *first,* a June 2001 software sale by Enterasys to Accton;

---

[2] New Hampshire Civil Jury Instructions § 4.3; O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions, §

*second,* a sale of computer network hardware to Tech Data Canada by Enterasys. The SEC alleges that Mr. Shanahan's purported involvement in these transactions violated Section 17(a)(1) and (3) of the Securities Exchange Act of 1934 and Rules 10b-5(a) or (c) promulgated thereunder.

The SEC bears the burden of proof on each of its claims. I will now instruct you on what the SEC must prove to meet its burden with respect to each claim.

**JURY INSTRUCTION NO. 4: Elements of Liability, and Primary Violation of Section 10(b) and Rule 10b-5(a), (c)**

The SEC's first claim against Mr. Shanahan in this case is asserted under the Securities Exchange Act of 1934. The Securities Exchange Act is a federal statute that allows the Securities Exchange Commission to promulgate rules and regulations prohibiting certain conduct in the purchase or sale of securities. Rule 10b-5(a) makes it unlawful for anyone to employ any device, scheme, or artifice to defraud in connection with the purchase or sale of any security. Rule 10b-5(c) makes it unlawful for anyone to engage in any practice or course of business which would operate as a fraud in connection with the purchase or sale of any security. A "security" is commonly defined as a stock, bond, note, convertible debenture, warrant, or other document representing a share of stock in a company or a debt owed by a company.

Mr. Shanahan hereby incorporates by reference the following proposed jury instructions submitted by the SEC.

1. First Element – Fraudulent Act Under Section 17(a)(10).  Doc. 313-1 at pp. 10-11, except that the word "Cabletron" should be omitted and the last paragraph should be omitted.

104.40 (6th ed., updated Feb. 2012).

2.  Second Element – Scienter.  Doc. 313-1 at pp. 12-13, except the last paragraph.

3.  Third Element – Use of Interstate Commerce or Mails.  Doc. 313-1 at p. 14.

4.  Elements of Fraudulent Transactions Under Section 17(a)(3).  Doc. 313-1 at p. 15, except that the word "Cabletron" should be omitted.

5.  First Element - Fraudulent Transactions under Section 17(a)(3).  Doc. 313-1 at pp. 16-17, except that the word "Cabletron" and the last paragraph should be omitted.

6.  Second Element of Fraudulent Transactions Under Section 17(a)(3) – State of Mind – Negligence.  Doc. 313-1 at pp. 18-19, except that the word "Cabletron" and the first sentence of the second paragraph.

7.  Third Element of Fraudulent Transactions Under Section 17(a)(3) – Use of Interstate Commerce or Mails.  Doc. 313-1 at p. 20.

8.  Elements of Securities Fraud Under Section 10(b) and Rule 10b-5.  Doc. 313-1 at pp. 21-22, except that the word "Cabletron" should be omitted and the last sentence concerning aiding and abetting should be omitted.

9.  First Element – Fraudulent Act Under Rule 10b-5.  Doc. 313-1 at pp. 23-25, except that the word "Cabletron," the third paragraph, fifth paragraph, and the final paragraph should be omitted.

10. Second Element – Scienter Under Rule 10b-5.  Doc. 313-1 at p. 26, except that the word "manipulate" should be omitted.

11. Third Element – Use of Interstate Commerce or Mails Under 10b-5.  Doc. 313-1 at p. 27.

Mr. Shanahan hereby incorporates by reference the following proposed jury instructions submitted by Defendant Jaeger [Dkt. No. 320].

1.  Jury Instruction No. 5, except that Mr. Shanahan's name should be substituted and the transactions should be changed to Accton and Tech Data Canada.

2.  Jury Instruction No. 7, except that Mr. Shanahan's name should be substituted and the transactions should be changed to Accton and Tech Data Canada.

3.  Jury Instruction No. 8, except that Mr. Shanahan's name should be substituted and the transactions should be changed to Accton and Tech Data Canada.

4.  Jury Instruction No. 9, except that Mr. Shanahan's name should be substituted and the transactions should be changed to Accton and Tech Data Canada.

5.  Jury Instruction No. 10, except that Mr. Shanahan's name should be substituted and the transactions should be changed to Accton and Tech Data Canada.

DATED: December 26, 2012

Respectfully submitted,
JERRY SHANAHAN

By his attorneys,

*/s/ Andrew Good* _____
Andrew Good

Philip G. Cormier
Good & Cormier
83 Atlantic Avenue
Boston, MA 02110
Tel. 617-523-5933

**CERTIFICATE OF SERVICE**

I, Andrew Good, hereby certify that Defendant Jerry Shanahan's Pretrial Statement, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on October 12, 2012.

/s/ *Andrew Good*
Andrew Good

Dated: December 26, 2012