```
                       UNITED STATES DISTRICT COURT

                        DISTRICT OF NEW HAMPSHIRE
```

United States Securities
and Exchange Commission,
     Plaintiff

     v.                                 Case No. 07-cv-39-SM
                                        Opinion No. 2013 DNH 066
Hor Chong (David) Boey,
and Jerry A. Shanahan,
     Defendants


                              **O R D E R**


    The government seeks a default judgment against Defendant Hor Chong (David) Boey, and relief in the nature of a permanent injunction, disgorgement, civil penalties and an officer and director bar.  Document no. 354.  As explained below, the clerk's default, entered on January 18, 2008, is a nullity.  The motion for default judgment, therefore, is denied.


    On February 9, 2007, the government filed its original civil complaint, naming Boey and nine others as defendants.  Because Boey "failed to plead or otherwise respond" to the original complaint, the clerk of the court entered default against Boey on January 18, 2008, pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55.1.  See Doc. No. 122.  The clerk's default order stated that "[a] damages hearing will be scheduled upon adjudication of all the remaining claims or parties."  Id.

Nine months later, on October 15, 2008, the government filed its First Amended Complaint, naming Boey as a defendant, along with the nine others named in the original complaint.[1]  See doc. no. 150.  The amended complaint did not incorporate the original complaint by reference, and was served upon Boey's attorney-of-record, consistent with federal rules of procedure.  Boey is now the single remaining defendant in this case.

The amended complaint superceded the original complaint.  See reasoning of and federal cases collected in TD BankNorth, N.A. v. Hawkins, 5 A.3d 1042, 1047-48 (Me. 2010).  The original complaint is, therefore, a nullity.  The clerk's default, based on Boey's failure to answer or otherwise respond to the original complaint, which was entered months before the amended complaint was filed, is likewise a nullity.  See id.; see also Winston v. City of Laurel, 2012 WL 5381346 (S.D. Miss. Oct. 31, 2012) ("[T]he filing of the Amended Complaint mooted the Clerk's Entry of Default.").  The government has never moved for entry of default against Boey relative to the amended complaint, and none

---

[1]  The government carefully specified in its amended complaint that "no new claims" were being brought against Defendants Barber, Gagalis, and Kay, because judgment had entered against them.  Doc. no. 150 at 4.  Had the government taken the same approach with respect to Boey, it likely would not be facing further procedural hurdles.

has been entered.  The government's motion for default judgment, therefore, must be denied.  See id.

Under these circumstances, the government has two basic options: (1) move to dismiss the amended complaint with or without prejudice as to Boey or (2) file a motion for default under Rule 55(a) with respect to the amended complaint, and, subsequently, in compliance with the service requirements of Rule 55(b), file a motion for default judgment and for specific relief.  If the government chooses the second of these options, it shall include in a supporting brief a complete and well-supported justification for the relief sought, and, particularly, should show cause why the following relief might be inappropriate:  disgorgement of $29,576.40; no prejudgment interest; a civil penalty of $120,000; a ten-year officer and director bar; and no injunction related to future compliance with existing legal requirements.  And, the government should expect a hearing on damages before any judgment is entered.

    SO ORDERED.

                                    _____
                                    Steven J. McAuliffe
                                    United States District Judge

April 25, 2013

cc: Peter D. Anderson, Esq.
    John R. Baraniak, Jr., Esq.
    Conrad W. P. Cascadden, Esq.
    William Cintolo, Esq.
    Philip G. Cormier, Esq.
    Victor W. Dahar, Esq.
    Maria R. Durant, Esq.
    Nancy J. Gegenheimer, Esq.
    Andrew Good, Esq.
    Steven M. Gordon, Esq.
    Miranda Hooker, Esq.
    Leslie J. Hughes, Esq.
    Lucy J. Karl, Esq.
    William H. Kettlewell, Esq.
    John C. Kissinger, Esq.
    Diana K. Lloyd, Esq.
    James Lux, Esq.
    Jeffrey S. Lyons, Esq.
    Richard J. McCarthy, Esq.
    Peter B. Moores, Esq.
    Ann Pauly, Esq.
    Michelle R. Peirce, Esq.
    James W. Prendergast, Esq.
    Michael D. Ramsdell, Esq.
    Jeffrey B. Rudman, Esq.
    James A. Scoggins, II, Esq.
    Jonathan A. Shapiro, Esq.
    Kevin E. Sharkey, Esq.
    Bruce A. Singal, Esq.
    Elizabeth H. Skey, Esq.
    Peter A. Spaeth, Esq.