UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States Securities</u>
<u>and Exchange Commission</u>,
    Plaintiff

    v.                                    Case No. 07-cv-39-SM
                                          Opinion No. 2013 DNH 101
<u>Hor Chong (David) Boey</u>,
<u>and Jerry A. Shanahan</u>,
    Defendants

**O R D E R**

The United States Securities and Exchange Commission (the "SEC") seeks a default judgment against Defendant Hor Chong (David) Boey, and relief in the nature of a permanent injunction, disgorgement, civil penalties and an officer and director bar. Doc. no. 361.

On October 15, 2008, the SEC filed its amended complaint, naming Boey and others as defendants. Doc. no. 150. Because Boey "failed to plead or otherwise defend," on June 4, 2013, pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55.1, the clerk entered a default. A damages hearing was held on July 17, 2013. Although provided notice, neither Boey nor his counsel appeared.

I.  <u>Liability</u>

In its amended complaint, the SEC alleges that Boey, Vice President of Finance for Enterasys Network Inc.'s Asia Pacific region, (1) used a devise, scheme, or artifice to defraud investors and engaged in a transaction, practice, or course of business that operated as a fraud or deceit in connection with the offer, sale, or purchase of securities of Enterasys, all in violation of the anti-fraud provisions of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5.; (2) violated Section 13(b)(5) of the Exchange Act and Rule 13b2-1 by falsifying Enterasys' books and records; (3) violated Rule 13b2-2 of the Exchange Act by providing false documents during an audit; and (4) aided and abetted violations of Section 13(a) and 13(b)(2)(A) of the Exchange Act and the rules enacted under these provision.  Am. Compt., doc. no. 150, at 98-102.  <u>See</u> 15 U.S.C. § 77(a)(1)-(3); 15 U.S.C. § 78j(b); 15 U.S.C. §§ 78m(a), 78(b)(2)(A); 15 U.S.C. § 78m(b)(5); 17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13.

Having failed to answer or otherwise respond to the allegations, Boey "is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability."  <u>Franco v. Selective Ins. Co.</u>, 184 F.3d 4, 9 n.3

(1st Cir. 1999).  The court finds that the conceded factual allegations establish the violations alleged.[1]

II.  Remedy

*Disgorgement and Prejudgment Interest*

The SEC seeks disgorgement of profits and prejudgment interest.  As an equitable remedy, disgorgement "does not serve to punish or fine the wrongdoer, but simply serves to prevent [his] unjust enrichment."  SEC v. Druffner, 802 F. Supp. 2d 293, 297 (D. Mass. 2011) (quotation marks omitted).  The court has broad discretion to order disgorgement and prejudgment interest.  SEC v. Dibella, 2008 WL 6965807, at *2-3 (D. Conn. March 13, 2008).

The SEC has established a disgorgement figure of $29,576.40, representing Boey's net profits from his exercise of 4000 options on January 31, 2002, after Enterasys had filed its 10Q for Q2TY2001.  Because this figure is "the amount by which [Boey] was unjustly enriched," disgorgement of that amount is fair and equitable.  SEC v. Blatt, 583 F.2d 1325, 1335 (5th Cir. 1978).  In addition, an award of prejudgment interest of $24,044.21 "is necessary to prevent" Boey "from receiving the benefit of what

---

[1] Prior to the filing of this civil suit, Boey was found guilty of criminal securities fraud related to the transaction with Ariel International Technology Co., Ltd.

would otherwise be an interest-free loan." Druffner, 802 F. Supp. 2d at 298.

*Civil Penalty*

The SEC asks the court to impose on Boey a "third tier" civil penalty of $120,000. See 15 U.S.C. § 78(u)(d)(3)(B)(iii); 15 U.S.C. § 77t(d)(2)(C). In authorizing civil penalties, Congress intended "to punish and deter securities law violations, and such penalties may be imposed in addition to disgorgement and injunctive relief." SEC v. Tanner, 2003 WL 21523978, at *2 (S.D.N.Y. July 3, 2003).

In order to impose a third tier penalty, the court must find that Boey's violation(s) (1) "involved fraud, deceit, manipulation or deliberate or reckless disregard of a regulatory requirement," and (2) "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. §§ 78u(d)(3)(B)(iii). Under the statute and SEC rules, a third tier penalty for conduct occurring between February 2, 2001, and February 14, 2005, "shall not exceed the greater of" $120,000 "for a natural person, . . . or . . . the gross amount of pecuniary gain to such a defendant as a result of the violation." 15 U.S.C. § 78u(d)(3)(B)(iii); 17 C.F.R. §§ 201.1002 and 201.1003. Notably, "the statute does

not require that the full . . . allowable penalty be imposed, but establishes a ceiling for the amount of the penalty." SEC v. Renaissance Capital Mgmt., Inc., 2003 WL 23353464, at *6 (E.D.N.Y. Aug. 25, 2003).

Under the facts of this case, a third tier penalty is appropriate. Boey's conduct involved fraud and deceit. Moreover, Boey's direct violations and his aiding and abetting of Enterasys' overall fraud "indirectly resulted in substantial losses," or a "significant risk" of such losses, to the investing public. 15 U.S.C. § 78u(d)(3)(B)(iii). See SEC v. Zwik, 2007 WL 831812, at *2 (S.D.N.Y. March 16, 2007) (imposing third tier penalty on aider and abetter).

Although the statute authorizes a penalty of up to $120,000 for each violation, a more modest penalty — $10,000 — is warranted under the circumstances of this case. Those circumstances include the relatively small dollar amount of Boey's personal ill-gotten gains, and his secondary role in Enterasys' overall fraudulent conduct. See Renaissance Capital, 2003 WL 23353464, at *6 (imposing third tier penalties of $30,000, $20,000, and $5,000 against co-defendants, based on the fact that they raised, respectively, 14%, 10%, and 2% of the total amount fraudulently raised from investors). Moreover,

because there is no imminent need for further deterrence, the penalty is punitive only.

*Officer and Director Bar*

The SEC requests that the court permanently bar Boey from serving as an officer or director of a public company. A court may impose an officer and director bar "if the person's conduct demonstrates substantial unfitness to serve as an officer or director." 15 U.S.C. § 78u(d)(2). The bar may be conditional or unconditional, and permanent or for a period of time. Id. In determining a defendant's fitness, a court may consider "(1) the 'egregiousness' of the underlying securities law violation; (2) the defendant's 'repeat offender' status; (3) the defendant's 'role' or position when he engaged in the fraud; (4) the defendant's degree of scienter; (5) the defendant's economic stake in the violation; and (6) the likelihood that misconduct will recur." SEC v. Patel, 61 F.3d 137, 141 (2d Cir. 1995) (quotation marks omitted).

A lifetime bar — as the SEC seeks here — is an extraordinary remedy, usually reserved for those defendants who engaged in prior securities violations, and under circumstances suggesting the likelihood of future violations. DiBella, 2008 WL 6965807, at *10-11 (citing SEC v. Drexel Burnham Lambert, Inc., 837 F.

Supp. 587 (S.D.N.Y. 1993), aff'd SEC v. Posner, 16 F.3d 520 (2d Cir. 1994) (affirming lifetime bar against recidivist defendants)).  Boey has no history of prior violations.  In addition, although he acted with a high level of scienter, the SEC has not shown that there is any plausible risk that he will commit future violations.  As the SEC acknowledges, Boey has already been "deported and . . . sanctioned by the SEC, which suspended him from practicing before it."  Pl. Br., doc. no. 361-1, at 23.  And, over a decade has passed with no further misconduct on Boey's part.  Under these circumstances, a lifetime bar is unnecessary.  Instead, a five-year bar adequately reflects the circumstances, which include Boey's role in Enterasys' widespread fraud, his modest economic stake in the violation, his first-time offender status, and the small risk of recidivism.  See SEC v. Chester Holdings, Ltd., 41 F. Supp. 2d 505, 530 (D.N.J. 1999) (ordering five-year officer and director bar in light of defendant's role in the fraud and her first-time offender status).

*Permanent Injunction*

   The Commissioner seeks an order permanently enjoining Boey from engaging in violations of the securities laws.  The court is "vested with wide discretion when an injunction is sought to prevent future violations of the statutory securities laws."  SEC

v. John Adams Trust Corp., 697 F. Supp. 573, 577 (D. Mass. 1988). Because a permanent injunction is a severe remedy, the SEC carries a heavy burden to justify its imposition:

> "A permanent injunction is a drastic remedy and should not be granted lightly, especially when the conduct has ceased." SEC v. Steadman, 967 F.2d 636, 648 (D.C. Cir. 1992) . . . "There must be 'some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.'" Although "fraudulent past conduct gives rise to an inference of a reasonable expectation of continued violations," SEC v. Opulentica, LLC, 479 F. Supp. 2d at 329, . . . the SEC must "go beyond the mere facts of past violations and demonstrate a realistic likelihood of recurrence." SEC v. Commonwealth Chem Sec., Inc., 574 F.2d 90, 99-100 (2d Cir. 1978).

Dibella, 2008 WL 6965807, at *12 (some citations omitted).

As noted, the SEC here has not shown any realistic likelihood that Boey will commit similar violations in the future.  Twelve years have passed since Boey's fraudulent conduct, and the SEC does not argue that he has engaged in any additional illegal conduct.  And although Boey has not defended himself in this civil enforcement action, his inaction does not constitute a protestation of innocence indicating a lack of remorse.  Moreover, to the extent there is any lingering danger of recidivism, the disgorgement, five-year officer and director bar, and civil penalty will serve as adequate deterrents.  For these reasons, a permanent injunction is not warranted.  See id. at *13 (ordering disgorgement and civil penalties, but denying

SEC's request for a permanent injunction); SEC v. Jones, 476 F. Supp. 2d 374, 384-85 (S.D.N.Y. 2007) (denying SEC's request for a permanent injunction); SEC v. Ingoldsby, 1990 WL 120731 at *2 (D. Mass. May 15, 1990) (same).

## Conclusion

The SEC's motion for default judgment, doc. no. 361, is granted in part.  Boey shall pay $29,576.40 as disgorgement, $24,044.21 in prejudgment interest, and a civil penalty of $10,000.00, for a total of $63,620.61.  Boey is hereby enjoined from serving as an officer or director of a public company for five years.  The Clerk shall enter judgment in accordance with this order.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 22, 2013

cc:  Peter D. Anderson, Esq.
     John R. Baraniak, Jr., Esq.
     Conrad W. P. Cascadden, Esq.
     William Cintolo, Esq.
     Philip G. Cormier, Esq.
     Victor W. Dahar, Esq.
     Maria R. Durant, Esq.
     Nancy J. Gegenheimer, Esq.
     Andrew Good, Esq.
     Steven M. Gordon, Esq.
     Miranda Hooker, Esq.

```
Leslie J. Hughes, Esq.
Lucy J. Karl, Esq.
William H. Kettlewell, Esq.
John C. Kissinger, Esq.
Diana K. Lloyd, Esq.
James Lux, Esq.
Jeffrey S. Lyons, Esq.
Richard J. McCarthy, Esq.
Peter B. Moores, Esq.
Ann Pauly, Esq.
Michelle R. Peirce, Esq.
James W. Prendergast, Esq.
Michael D. Ramsdell, Esq.
Jeffrey B. Rudman, Esq.
James A. Scoggins, II, Esq.
Jonathan A. Shapiro, Esq.
Kevin E. Sharkey, Esq.
Bruce A. Singal, Esq.
Elizabeth H. Skey, Esq.
Peter A. Spaeth, Esq.
```