UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SECURITIES AND EXCHANGE COMMISSION,

                            Plaintiff,

                 v.

PIYUSH G. PATEL, et al.,

                            Defendants.

Case No: 1:07-CV-0039 SM

# FINAL JUDGMENT AS TO DEFENDANT ROBERT G. BARBER

The Securities and Exchange Commission having filed a Complaint; and Defendant Robert G. Barber ("Barber" or "Defendant") having entered a general appearance, consented to the Court's jurisdiction over him and the subject matter of this action, consented to entry of a Final Judgment , waived findings of fact and conclusions of law, and waived any right to appeal from the Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Barber is liable for disgorgement of $25,990.28, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $21,285.18, for a total of $47,276.18. Based on Defendant's sworn representations in his Statement of Financial Condition dated April 1, 2013, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay disgorgement or prejudgment

interest, which the Commission has waived. The determination to waive payment of all of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement and pre-judgment and post-judgment interest thereon. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

3

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Robert G. Barber is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Robert G. Barber shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter a Judgment forthwith and without further notice.


Dated: _____, 2013


_____
UNITED STATES DISTRICT JUDGE